If it may please the Court, Keith Kiyuchi representing Pell and PJY Enterprises and three other entities. This is an appeal from the district court on the grant of summary judgment. As pointed out in the opening brief, unfortunately the district court made several errors including errors that were incorrect simply in the factual record before it that would justify a reversal of the court's grant of the motion for summary judgment. Specifically, the factual errors start with Detectives Young and Salone supposedly stating they never got products they ordered from the Products Direct website when indeed they did get those products and the court made up finding that they didn't get the products. Second, the court made up finding that... Well, when they stated in the declaration they didn't get them, they in fact didn't get them. Hadn't gotten them. They got them later. Yes. But that doesn't make the declarations false, right? No. It wasn't what the declarations were false. The problem was that the court relied on what the court determined was a fact saying that they never got the products, but the fact indeed they got the products and the judge that made that determination... They got it a month later. Yes. You know, if Amazon did business like that, it would be former Amazon. Well, that may be a good point, Your Honor, but I think what happened in this case... But no, it suggests sort of a lack of real business purpose. I mean, if you're really selling that product, you don't wait a month to deliver it. That's really what it's about. But that's not what the court said. The court simply said that they never got the products and the fact is they did get the products. And it may be more than just a lack of business purpose and lack of diligence on the part of someone in the warehouse getting the product out on time. The court also erred in making the decision that the coupon books, despite the fact that the court specifically found they were launched in October of 2012, weren't relevant. And they were relevant because the coupon books were used quite a bit, in fact, based upon the evidence presented in opposition to the motion for summary judgment. And one of the... Were the coupon books introduced after the first seizures? Yes. Yes, they were. Okay. Why couldn't the court discount those as being simply things that were sort of done to sort of shore up what was an obvious gambling operation? Well, but the court never looked at the other operations. The first set of operations of the first seizure was the Winner's Own Enterprises, six arcades. After that, there were six other arcades operated under the other three appellants, GS Entertainment, Mike Inc., and Aloha Arcade. Those were all not included in the first seizure. The second seizure occurred on December 13, 2012. The third seizure occurred on February 14, 2013. And the coupon book was certainly launched in October of 2012, as the district court judge found. But there was no evidence, and that kind of segues into kind of my point, is there was no evidence on the motion for summary judgment as to what those other operators, the six arcades that were the subject of December 13 and the February 14 raids, what happened in those arcades. All of the evidence presented by the city related solely to the first six arcades, which are the subject of the 2012 seizure. There's nothing presented by the city showing anything relating to the seizures that occurred in the two subsequent operations. Let's hear right about all that. I'm having some trouble understanding what your claim is here. What's your federal claim? The federal claim? The federal claim was a deprivation. We filed a 1983 action, which is not part of this appeal, but we also filed an action asking . . . well, initially, we didn't file it in federal court. We filed it in state court, and the city removed it to federal court. This is a removal action. It was removed by the city to federal court. Initially, we did file it in state court. So this court is jurisdictional only because the city removed it, and Judge Kobayashi heard the case. That's really what happened. This requires jurisdiction. Okay. How about jurisdictional appeal? Jurisdictional appeal? On appeal. On appeal. I think this court has jurisdiction. There was an order entered by the district court. We got a 54B certification. That was appealed on a timely basis. Severing what? What was severed? What was the 54B certification? Well, the 1983 claim was severed from the other claim. The 1983 claim was not determined by Judge Kobayashi. The claim that was determined was the declaratory judgment claim. That's what was severed. She ruled in summary judgment on that case, and that's what was appealed. The Judge Kobayashi also erred in finding that the evidence presented by appellants down below was conclusory and self-serving. And in this case, the Ninth Circuit law in that regard specifically states that only if it's a conclusory statement is it self-serving and not admissible. In this case, it wasn't a conclusory statement. I'm still not understanding. What is your federal claim? I know 1983 is a jurisdictional statute. Right. But you have to have some federal right that's been infringed here. What is it? Let's say they're all wrong. Let's say, in fact, these are not gambling devices at all, and they're just mistaken about that. So what? What's your federal claim? I'm not sure. Other than the 1983, to be honest, we have a federal claim. 1983 doesn't provide rights. It provides a means for you have to show some underlying right that you're vindicating. 1983 doesn't create any rights. Well, the 1983 claim in this case was the arrest. Is it a First Amendment claim? No, it's not a First Amendment claim. Is it a Second Amendment claim? No, it isn't. Is it a Third Amendment claim? What is the federal right being vindicated here? The federal right under 1983 is that you had six employees that were arrested without any type of crime being committed in front of the officer. Well, we certainly can't stop a federal state prosecution. Isn't that Young v. Harris? I mean, if there's a federal prosecution, there's nothing we can do about that. Right. So what is the federal right being vindicated? The federal right was that they were arrested, and there's a specific state case, State v. Kiawe, that says that you have to commit the offense in front of the officer if you don't have a warrant for the arrest. Oh, that's what you have state courts to litigate over. Where's the federal right? The fact that they violated some state law doesn't create a federal right. No, no. I'm not sure I really disagree with you, and that's why we've initiated this case. Well, if you don't disagree with us, then I think we better dismiss this case right now because there's no federal right at stake. But initially this was brought in state court. It was removed by the city to federal court. That's what occurred. Then the federal judge decided the case based upon what was arguably not. Did you move to remand? No, we didn't move to remand. The fact is you are now in federal court. If you don't have a federal right at stake, there's nothing we can adjudicate. There's nothing the federal court can adjudicate. There's no case. If you missed your chance for a remand, then you're out of luck. But we don't decide questions of state law here unless we have specific jurisdiction. This is not a diversity case where we're given authority to decide state law. I would agree it's not a diversity case. But, again, we didn't remove it to the federal court. I'll reserve the rest of my time for rebuttal. Okay. May it please the court. Ernest Nomura, Deputy Corporation Counsel on behalf of the city dependents. Let me address the federal jurisdictional issue. Mr. Kiyuchi is correct that the city removed the case because on the face of the complaint, he had asserted a Fourth Amendment, a Fifth Amendment, and a Fourteenth Amendment violation by the seizure of the products directed to sweepstakes devices by HPD. So on the face of the complaint, we had a federal question, and that was the basis that the city removed the case to federal court. So I believe that there is federal jurisdiction. At the very least, there was removal of jurisdiction to federal court, and Judge Kobayashi could take jurisdiction over the case based on that. So I don't think that there's a jurisdictional impediment for this court to rule on the propriety of Judge Kobayashi's 54B certified summary judgment order. So I don't think that there is a federal jurisdiction. What did the order actually decide? What was the federal question that the order actually decided? Judge Kobayashi, the district court did not rule on a federal question. It really was a state law issue, whether or not these products direct sweepstakes device and the sweepstakes scheme that was presented by the use of these devices constitutes illegal gambling. Within the meaning of Hawaii law? Correct. And so the federal judge, given her federal jurisdiction, could make a ruling. So this is like the old song about don't make a federal case out of this? Precisely. Where's the federal case? I think to the extent that there are remaining claims before the federal court, which is the- He's talking about stuff not within the 54B certification. Correct. But we're talking about what we have in front of us. Correct. And that's a determination by a United States district judge that the actions of the city in the seizure of these devices violated Hawaiian law. Correct. And that because it- Did she say, and there was no violation of the Fourth or Fifth Amendment? No. The summary judgment order did not extend that way. The underlying premise- It didn't discuss it at all, did it? Correct. The underlying premise is if these devices are illegal gambling devices, then there can be no constitutional Fourth Amendment violation, a Fifth Amendment violation, or a Fourteenth Amendment violation. So I think that is the underlying premise that we are proceeding on. And so frankly, she ruled on in dismissing counts one, counts two, and counts three of the Second Amendment complaint by granting partial summary judgment on that basis. She certified that issue, the dismissal of those issues on summary judgment, and dismissed one count, which is count four, and the only remaining count is count five, which is the 1983 claim against the individual officer. And so that is what's remaining in this case. Normally, when we've got a mixed case, the district court handles the federal questions and then makes a discussion at the session as to whether to continue with supplemental jurisdiction to adjudicate the state claims. I've never seen a case where the state claims were adjudicated first and then sent up on appeal as a federal case when they're adjudicated. I understand that. And I think what was a little bit problematic, at least from the city's perspective, was procedurally what the city did was when we removed the case based on the face of the complaint, federal question, because there were articulated federal constitutional violations, the city did move for summary judgment based on the doctrine of justiciability. We believe that the federal court should have deferred, if anything, the adjudication of the state law claim. Because there is a state penal procedure process by which the plaintiff could have taken full advantage of. He could have filed under Rule 541 under state penal code to have the search warrants and the seizure warrants quashed. Or he could have filed a state motion saying that the seizures, well, at least the search warrants were not supported by probable cause or the return of the devices. He chose not to do that. And the court is correct. He chose not to file a motion to remand. You have a case in the state court. You are an entity, a representative of a part of the state of Hawaii, and all the procedures to adjudicate this are in state court, and you decide you're going to remove it in federal court. Whose bright idea was that? Well, I think it was my bright idea, only because when there is a, What was the sense of that? Because when there is a federal claim, federal constitutional claim, articulated against this, asserted against the city, the city has every right, as any defendant would have, to remove the case based on federal question. You don't trust the courts of Hawaii to adjudicate federal claims? It has nothing to do with the trust of the local courts or a more favorable forum. I'm sorry? Or a more favorable federal forum. The fact of the matter is a defendant, when faced with a federal question on the face of the complaint, has every right to remove the case to federal court. And that is the right that the city asserted. Well, maybe he had the right. It just seems like not a very smart idea. It just seems entirely, and it turns out the case, when it gets adjudicated, it gets adjudicated on the state law grounds. Precisely. And I think federal courts always and can always, or at least are empowered, to adjudicate and interpret state law. In diversity cases, certainly. But this is not a diversity case. Which is correct. But the court is sitting as having original jurisdiction, can articulate or can examine state law claims. Or at least the underlying theory of the constitutional violation, which was predicated on state law. Now, I agree. To the extent that this court has no jurisdiction, or at least appellate jurisdiction, and Judge Kobayashi had no federal or federal question jurisdiction, then this case ought to be dismissed. And the failure of the plaintiff to file his civil claims in state court in a timely basis, I don't think should be binding on the city. So I think if the court believes that there is no federal jurisdiction before Judge Kobayashi, which I disagree, and I think you can go to the merits of the case, or at least the issue, this case ought to be dismissed on that grounds. So I find that a little bit problematic, because I think on the face of the complaint, there was federal question jurisdiction, and the defendant had every right to move it to federal court. Let me proceed with respect to the underlying merits of the summary judgment order. This is a scheme under state law, state gambling law, where certain devices are being promoted as entirely permissible discount coupon dispensing machines. Now, I think the court is certainly aware that when you look at the kind of products that were being sold, Amazon would be out of business if this were the kind of business that they were actually doing. And when you look at the coupon books that Mr. Kiyuchi is saying was the basis to, was a part of the court's error in not considering the sale of certain coupon books, look at what's before the court and look what was before the district court at the excerpts of record at 146 and 147. The coupon books themselves were only purchased after the TRO motion, after the prelim injunction motion, after the depositions, and after the summary judgment motion itself was filed. And so, yes, this is a subterfuge, this is a ruse, and I don't think the plaintiffs can stand before this court or even before Judge Kobayashi to say that this kind of device and this kind of sweepstake scheme is something that's compliant under Hawaii law. So if the court's concerned with respect to the jurisdictional issue, I believe that the city had every right to remove this case based on federal question. Where does the criminal case stand? There is currently pending an appeal of the second indictment of certain defendants before the state court. There's also a pending appeal of the civil forfeiture case pending before the Intermediate Court of Appeals in state court. So there are pending cases in state court with respect to the dismissal of the indictment against the individual defendants as well as the dismissal of the civil forfeiture case on the devices themselves. Based on the same issue that we're considering? That would be on the civil forfeiture side. The issue would be whether or not these devices are gambling devices, and the fact that Judge Kobayashi has already made that decision should be binding on the state court as well. That certainly is an argument that the prosecuting attorneys will be asserting. It is not the issue with respect to the individual criminal charges because that is something that I think ultimately would be linked to the determination of whether or not these devices are illegal gambling devices, but with a different burden of proof under criminal law. So yes, there are these overlapping issues, but it was the plaintiffs who decided to sue civilly for the return of the products, return of the devices, and for an adjudication that their constitutional rights were violated in the seizure of these devices by HPD. So with that, I would ask that the court take cognizance of the case and affirm Judge Kobayashi's order. Thank you. I'd like to correct Mr. Nomura. He was incorrect, unfortunately, on the status of the criminal case. The criminal case to three of the individual defendants, Mr. Yoshimura, Mr. Miller, and Mr. Simeona, was dismissed on speedy trial grounds. The prosecuting attorney did not appeal that dismissal. There were six employees that were also charged. The charges against those six employees were also dismissed, both on prosecutorial misconduct and speedy trial grounds. That order is pending being signed by Judge Trader. It has not been appealed from. As to the collective nine defendants that were initially prosecuted on May 1st, 2014, after Judge Kobayashi's decision, the first indictment was dismissed . . . Actually, the motion for dismissal was pending. It was then not proscribed by the state because there were some problems with the case. There is an appeal pending. A separate civil forfeiture under state law was initiated by the prosecuting attorney's office. Judge Lee ruled that the forfeiture statute did not justify them seizing or forfeiting the property. That was appealed from. There's only one pending appeal, and it's a civil forfeiture. The other thing I wanted to mention, I went through my notes, is . . . The civil forfeiture case is dealing with the same issue we are dealing with here? Civil forfeiture case is slightly different. Hawaii has a very specific civil forfeiture law that allows the authorities to proceed within a certain period of time. It is the genesis of the U.S. v. Good U.S. Supreme Court case. It's very specific. It deals with a different issue. It deals with the issue of whether the machine should be returned, which is different from whether the machine should have been seized to begin with. It's a slightly different issue. The only other thing I wanted to mention, seeing that my time is up, is that the second amended complaint, which was not filed until 2013, added the 1983 action. When the case was first removed, it did not have a 1983 action to it. I have nothing further. Thank you. Thank you. Case resolved. You are all dismissed.
judges: Kozinski, Hawkins, Bea